J-S11023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KENSIL WAYNE BOWMAN, JR. | : | |
| | : | |
| Appellant | : | No. 296 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 6, 2020,
in the Court of Common Pleas of Blair County,
Criminal Division at No(s): CP-07-CR-0001489-2015.

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: August 2, 2021**

Kensil Bowman, Jr. appeals from the judgment of sentence imposing an aggregate term of 22 to 44 months of incarceration, followed by ten years of probation and 25 years of sex-offender registration. The trial court convicted Bowman of distributing child pornography, possessing child pornography, and criminal use of a communication facility (*i.e.*, his home computer). We affirm.

In 2011, law enforcement became interested in Bowman's computer, located inside his Altoona home, for possibly sharing child pornography with other Internet users. Bowman facilitated these exchanges through a peer-to-peer software known as eDonkey 2000 ("eD2k") and eMule. Those programs allow users to make the files on their devices (including images and videos) available for other eD2k and eMule users for download. Child pornographers

---

[*] Retired Senior Judge assigned to the Superior Court.

use common file names to identify their illicit material to each other, such as "preteen," "pedo," and "PTHC." N.T., 9/9/20, at 21-22. The letters "PTHC" are an anacronym for "pre-teen hardcore." ***Id.***

By labeling his files in this way and making them eD2K/eMule accessible, Bowman created a virtual library of child pornography. He then opened his virtual library to other peer-to-peer-software users throughout the world and invited them to copy his files onto their own devices.

A special investigative unit with the Office of the Attorney General of Pennsylvania accessed Bowman's child-pornography library via the Internet. Over the course of two days in March 2015, agents downloaded five pictures of nude children, three depicting them engaged in sexual acts, directly from Bowman's computer. ***See*** Commonwealth's Trial Ex. 1B. The investigators' software provided them with an IP Address. They then subpoenaed Verizon Wireless to obtain the identity of the IP Address's owner. Verizon identified Bowman as the Internet user associated with that IP Address and gave police his home address.

Next, the agents obtained a search warrant for Bowman's home. Their warrant was for the seizure of all Internet-ready devices, any items that might store child pornography (such as USB drives), and any hardcopies of child pornography. When they executed the warrant, Bowman was home. His computer was on and actively downloading files that were immediately apparent as child pornography.

After warning Bowman pursuant to **Miranda v. Arizona**, 384 U.S. 436 (1966), agents interrogated him. Bowman told them that he used the peer-to-peer software to download child pornography while downloading other files such as music, that he printed out images of child pornography, and that he lived alone. Law enforcement arrested Bowman. They also seized numerous items from his home, including his computer, data-storage devices, and over 40 printouts of naked children from a locked bathroom in his basement.

Bowman moved to suppress the Commonwealth's evidence seized under the search warrant and his statements during the interrogation. The trial court denied his motions, and the matter proceeded to a bench trial. The court convicted and sentenced Bowman as described above. This timely appeal followed.

On appeal, Bowman raises three issues, which we reorder below in light of this Court's practice of addressing sufficiency-of-the-evidence claims first in criminal matters:[1]

> 1. Whether the trial court erred in determining there was sufficient evidence to convict [Bowman] of the offenses as charged [because the Commonwealth] failed to prove beyond a reasonable doubt that [Bowman] was the individual who actually downloaded the alleged images of child pornography

_____

[1] **See Commonwealth v. Toritto**, 67 A.3d 29, 33 (Pa. Super. 2013) (*en banc*) (citing *dicta* from **Commonwealth v. Stokes**, 38 A.3d 846 (Pa. Super. 2011) and elevating it into a "best practice" by stating, "Because a successful sufficiency-of-the-evidence claim warrants discharge on the pertinent crime, we must address this issue first.").

and that such alleged images of child pornography qualified as child pornography?

2. Whether the trial court erred in denying [Bowman's] motion to suppress search warrant, as the affidavit of probable cause failed to state adequate probable cause with its four-corners, and, contrary to the law, the trial court considered evidence outside the four-corners in determining probable cause?

3. Whether the trial court erred in denying [Bowman's] motion to suppress search warrant, as the evidence at the suppression hearings showed [Bowman's] statement to be involuntary under the totality of the circumstances and the [Commonwealth] did not satisfy its burden of proof relating to such motion?

Bowman's Brief at 5.

First, Bowman contends there was insufficient evidence to convict him of the charged offenses. He believes the Commonwealth failed to prove beyond a reasonable doubt that (1) he was the person who downloaded the images and videos and (2) those images and videos were child pornography.

Regarding Bowman's first point, he relies exclusively on his testimony during the defense's case-in-chief. Bowman testified that he had downloaded music and images in bulk from other eD2k and eMule users without checking to see what types of files he was actually downloading. He also said he printed out large quantities of images for album covers, in an attempt to explain the over 40 pictures of child pornography in his locked, basement bathroom. In other words, he asks this Court to accept his version of events to excuse the presence of the child pornography within his home, on his computer, and in his other storage devices as mere repeated accidents.

For a sufficiency-of-the-evidence claim, "our standard of review is *de novo*; however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420–21 (Pa. 2014).

In Pennsylvania, it is a crime when someone "knowingly . . . distributes . . . to others, any . . . computer depiction . . . depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act." 18 Pa.C.S.A. §6312(c). It is also a crime if one "intentionally views or knowingly possesses or controls any . . . photograph, film, videotape, computer depiction . . . depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act . . . ." 18 Pa.C.S.A. § 6312(d).

Additionally, a person may not use "a communication facility to commit . . . any crime which constitutes a felony under this title." 18 Pa.C.S.A. §7512(a). A "communication facility" is an "instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted, in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic, or photo-optical systems or the mail." 18 Pa.C.S.A. § 7512(c). Thus, an Internet-ready device, such as Bowman's home computer, is a "communication facility."

Limiting our review, as we must, to the evidence most favorable to the Commonwealth, Bowman's own admissions convict him of the above offenses.

During the interrogation by the special agents, Bowman confessed to living alone and to downloading child pornography. He also admitted to searching for "PTHC."

The trial court, sitting as the finder of fact, was "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011) (citation omitted). Thus, the trial court, as sole judge of the facts, could – and did – reject the revisionist theory of events that Bowman told on the witness stand in his own defense. Instead, the trial court found his first rendition to the agents during his interrogation to be the accurate story of this case.

As the appellate court, we did not hear the testimony and therefore may not revisit the trial court's credibility determinations. *See Ramtahal*, *supra*. Bowman's retelling of events in his appellate brief – in the light most favorable to himself – is irrelevant on this appeal, because his self-serving review of the record is outside our scope of review. *See Rushing*, *supra*. The trial court has conclusively deemed his version of events to be false. Thus, Bowman, by relying exclusively upon those untruths (rather than identify any deficiencies in the Commonwealth's case-in-chief), fails to persuade us that there was insufficient evidence from which the trial court could find beyond a reasonable

doubt that Bowman knowingly downloaded child pornography and knowingly possessed it within his home.[2]

Accordingly, this first issue warrants no relief.

Next, Bowman claims the trial court should have suppressed the child pornography. The Commonwealth argues that this claim is waived due to the lack of meaningful development in Bowman's brief. *See* Commonwealth's Brief at 6. We agree with the Commonwealth.

"The applicability of waiver principles presents a question of law, over which our standard of review is *de novo*, and our scope of review is plenary." ***Stapas v. Giant Eagle, Inc.***, 198 A.3d 1033, 1037 (Pa. 2018).

This Court has said, "When an appellant's argument is underdeveloped, we may not supply [him] with a better one. In such situations, we shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884–85 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019) (quotation marks and some punctuation omitted).

Bowman makes no argument to support his claim that the nine-page affidavit in support of the search warrant lacked probable cause. ***See*** Bowman's Brief at 11. He simply states that he "disagrees with the trial court's

---

[2] Regarding his second point – *i.e.*, that the images and videos are not child pornography – Bowman makes no argument at all. ***See id.*** at 14-15. We therefore dispose of Bowman's second point as waived. ***See*** Pa.R.A.P. 2111, 2119.

determination that there was adequate probable cause within the four-corners of the affidavit." *Id.* This conclusory statement is insufficient to prompt any further consideration by this Court. We dismiss Bowman's four-corners challenge to the search warrant as waived.

Finally, Bowman seeks the suppression of his post-*Miranda*-warnings, inculpatory statements to investigators during the search of his home. Again, the Commonwealth argues for waiver due to lack of development of this claim in Bowman's brief. *See* Commonwealth's Brief at 11. Again, we agree.

Bowman claims that, "under the totality of the circumstances, [his] statements were involuntary." *Id.* at 12. He says he never received a copy of the search warrant and was therefore "in shock at the line of questioning throughout the interview." *Id.* Finally, Bowman states, due to "his state of shock, duress, and lack of understanding of what was happening, given his repeated demands to see documentation, his statements were not voluntary." *Id.* at 13. He does not explain why he was in shock or under duress, and nothing in the record indicates that the suppression court made such findings of fact.

Also, absent from his argument is any citation to or reliance upon any Fifth Amendment[3] jurisprudence that supports his unsubstantiated claims of shock or duress. Indeed, this section of Bowman's argument is devoid of any authority, other then two citations regarding the Commonwealth's burden of

---

[3] The Fifth Amendment provides, "No person shall . . . be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amnd. V.

proof at suppression hearings.  **See id.** at 11-13.  This argument therefore lacks citation to any substantive law, whatsoever.

The Rules of Appellate Procedure require an appellant to include in the argument sections of his brief "such discussion and **citation of authorities** as are deemed pertinent."  Pa.R.A.P. 2119(a) (emphasis added).  "Where an appellant has failed to cite any authority in support of a contention, the claim is waived."  **Collins v. Cooper**, 746 A.2d 615, 619 (Pa. Super. 2000).  The lack of citation to substantive law in Bowman's brief is fatal to this issue.

Bowman's argument for the suppression of his inculpating statements is underdeveloped and violates Pa.R.A.P. 2119(a).  Therefore, he waived his last appellate issue, as well.  **See Pi Delta Psi, Inc.** and **Cooper**, **supra**.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/2/2021